1  The Law Offices of Damian D. Capozzola
   Damian D. Capozzola (SBN 186412)
2  Timothy R. Laquer (SBN 306917)
3  633 W. Fifth Street, 26th Floor
   Los Angeles, California 90071
4  Phone: (213) 533-4112
   Facsimile: (213) 223-2014
5  ddc@ddclaw.com
6  trl@ddclaw.com

7  Counsel for Nominal Defendant HILLS ONE, LLC

8
   **UNITED STATED DISTRICT COURT**
9  **CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| PACIFIC GREEN, LLC, a Delaware limited liability company; and BIG TREE HOLDINGS, LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>PAUL FIORE, an individual; JAY RIFKIN, an individual; ONE ELEVEN ADVISORS, LLC, a California limited liability company; REBEL HOLDINGS, LLC, a California limited liability company; HILLS GROUP, LLC, a California limited liability company; and DOES 1 through 100, inclusive,<br><br>Defendants,<br><br>and,<br><br>HILLS ONE, LLC, a Delaware limited liability company,<br><br>Nominal Defendant. | Case No.: 2:22-cv-08949-FMO-MAR<br><br>**REPLY IN SUPPORT OF MOTION OF DEFENDANT HILLS ONE, LLC TO DISMISS FOURTH AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (F.R.C.P. 12(b)(6))**<br><br>Date: July 20, 2023<br>Time: 10:00 a.m.<br>Courtroom: 6D<br>Judge: Hon. Fernando M. Olguin |

REPLY IN SUPPORT OF MOTION OF DEFENDANT HILLS ONE, LLC TO DISMISS FOURTH AMENDED COMPLAINT
- Case No.: 2-22-cv-08949

## I. INTRODUCTION

Plaintiffs' Opposition to Hills One's Motion to Dismiss Plaintiffs' Fourth Amended Complaint acknowledges, at last, that Plaintiffs have ***no facts*** specific to Hills One, admitting that "[Defendants'] point [that 'there are few specific allegations directed against them'] *is true*" (Opp. to Fiore/Hills One Motion, Dkt. #87, at 6:13), that "Plaintiffs do not know specifically what . . . Hills One did" (*Id*., at 7:12-14), and even that "[i]t may be . . . that some claims are not viable" (Opp. to Fiore/Hills One, Dkt. #87, at 5:21-22; Opp. to Rifkin/Hills Group, Dkt., #86, at 5:21-22).

These long overdue concessions require that Plaintiffs' Fourth Amended Complaint as to Hills One be dismissed, and Plaintiffs' misinterpretation of the pleading standards does not save it. Because Plaintiffs have now had ***five separate opportunities*** to provide sufficient detail to support their claims against Hills One, and because Plaintiffs have failed to do so, their request to file a Fifth Amended Complaint against Hills One should be denied, as it would be entirely futile. Plaintiffs do not even attempt to argue that they have facts or information to support any cause of action against Hills One specifically, as opposed to the general allegations pertaining to the numerous other defendants, nor do they explain how including Hills One as a substantive defendant makes any logical sense at all.

Accordingly, any amendment would yet again fail to satisfy the applicable pleading standards as to Hills One and subject Hills One to further burden and harassment as a result of Hills One yet again being compelled to file a Motion to Dismiss. This is already Hills One's ***third*** Motion to Dismiss, and Plaintiffs have not included any new allegations despite Hills One repeatedly raising Plaintiffs' improper and conclusory group pleading issues.

//

//

## II. ARGUMENT

### A. Plaintiffs Admit That They Have No Facts Specific To Hills One

Hills One brought a Motion to Dismiss on the basis that Plaintiffs' Fourth Amended Complaint ("FAC") is fatally defective as to Hills One as it continues to fail to state facts sufficient to constitute a claim for relief against Hills One. Like the four iterations of the Complaints before it, the FAC is based upon improper group pleading and lack of specific allegations as to Nominal Defendant Hills One, such that Plaintiffs fail to state a claim against Hills One for Fraud and Deceit, Negligent Misrepresentation, Civil RICO Violation, and Aiding and Abetting Tortious Conduct. Plaintiffs previously brought additional causes of action against Hills One, including fraudulent inducement to enter into contract (concerning the Hills One Agreement, which was illogical as Hills One could not have induced Plaintiffs to enter into the agreement if it did not exist), common counts, conversion, and fraudulent business practices. Plaintiffs relented on some of those defective causes of action as to Hills One, but improperly maintained the remaining causes of action despite a lack of specific facts as to Hills One.

In Opposition, Plaintiffs finally admit that they do not have specific facts as to Hills One. Plaintiffs assert "[i]t may be . . . that some claims are not viable[.]" (Opp. to Fiore/Hills One, Dkt. #87, at 5:21-22; Opp. to Rifkin/Hills Group, Dkt. #86, at 5:21-22). Plaintiffs admit "[Defendants'] point [that 'there are few specific allegations directed against them'] *is true*[.]" (Opp. to Fiore/Hills One, Dkt. #87, at 6:13). Plaintiffs admit that "Plaintiffs do not know specifically what . . . Hills One did" and chalk their lack of knowledge up to "the deliberately overlapping and opaque structure of Defendants' conspiracy[.]" (Opp. to Fiore/Hills One, Dkt. #87, at 7:12-14.) Plaintiffs claim that 'what Hills One did,' is "exclusively within Defendants' knowledge" (Opp. to Fiore/Hills One, Dkt. #87, at 7:14-15) and "Hills One . . . know what the role and conduct of each Defendant was." (Opp. to

1  Fiore/Hills One, Dkt. #87, at 7:20-21.).

2  It is particularly illuminating that Plaintiffs are quiet about the composition of Hills One, LLC: **<u>Plaintiffs are Members of Hills One, LLC</u>**, and if Hills One has knowledge about the "role and conduct of each Defendant", then Plaintiffs apparently allege that *Plaintiffs* have that knowledge. Including Hills One as a separate substantive defendant makes no logical sense. The only other Member of Hills One, LLC is Hills Group, LLC. *See* FAC, at Ex. , page 54 of 54 (Schedule A listing Hills Group LLC as having a 90.91% interest, Pacific Green, LLC as having a 4.545% interest, and Big Tree Holdings, LLC as having a 4.545% interest). Hills Group and Hills One are distinct legal entities. If Plaintiffs contend that Hills One has knowledge, then it is logical to assume that *all* Members of Hills One have that knowledge. Otherwise, Plaintiffs would necessarily need to contend that only Hills Group has that knowledge. Plaintiffs' argument that Hills One has knowledge, yet its constituent Members (Plaintiffs) do not have knowledge is illogical given the entity structures here. Plaintiffs' Opposition thus confirms that Hills One has been improperly added as a Defendant because Plaintiffs are not aware of any facts to carry their pleading burden as to Hills One.

In light of these admissions that they have no specific facts as to Hills One, Plaintiffs state their reason for keeping Hills One in the case is that "Plaintiffs allege [Hills One] was created to give a sheen of credibility to and to be the vehicle through which [the individual Defendants] could, and did, operate the fraud scheme." Opp., Dkt. #87, at 6:23-26. Plaintiffs then admit that "[t]hose facts are all that Plaintiffs know about the role of . . . Hills One at this stage." Opp., Dkt. #87, at 7:1-2. Putting aside that *two* of the *three* Hills One members are the individual Plaintiffs themselves, this broad, non-specific allegation without any factual support is insufficient to state a claim against Hills One, especially for Plaintiffs' claims for relief grounded in fraud. *See ESG Capital Partners, LP v. Stratos*, 828 F.3d 1023,

1031-1032 (9th Cir. 2016) ("the time, place, and contents of the false representations" "as well as the identity of the person making the misrepresentation and what he obtained thereby" is necessary to support a fraud cause of action); *State of California ex rel. McCann v. Bank of America, N.A.,* 191 Cal. App. 4th 897, 906 (2011); *Drake v. Toyota Motor Corp.*, 2020 WL 7040125, at *6, *27 (C.D. Cal. Nov. 23, 2020) ("the who, what, when, where, and how of the misconduct charged" must be alleged instead of "merely lumping multiple defendants together"); *Zakikhani v. Hyundai Motor Co.*, 2021 U.S. Dist. LEXIS 202546, at *20 (C.D. Cal. June 28, 2021) (finding that a complaint's "generalized allegations" of fraud, lumping "all entities together as Defendants", was insufficient to satisfy Rule 9(b)).

### B. Plaintiffs' Group Pleading Was And Remains Improper

In addition to Plaintiffs' concessions that they have no specific facts against Hills One, Plaintiffs respond to Hills One's Motion to Dismiss in the same way that they have brought the allegations in their initial Complaint through their Fourth Amended Complaint: by lumping all Defendants in together and hoping that this Court looks over that Plaintiffs have no facts, let alone specific facts, that plausibly suggesting wrongdoing as to Hills One.  For example, the FAC and Plaintiffs' Opposition to Hills One's Motion to Dismiss continues to lump Hills One together with the Hills Group by asserting that "the Principals, when making those representations, were acting on behalf of HILLS GROUP (or for their enterprise generally)" (Opp., Dkt. #86, at 11:4-5), but offer no specific facts as to Hills One.

Plaintiffs' incorporation of a wholly separate brief in opposition to Defendant Rifkin's Motion to Dismiss throughout its Opposition to Hills One's Motion to Dismiss does not save it.  *See, e.g.*, Opp., Dkt. #87, at 6:6-7 ("Plaintiffs incorporate herein their points made in opposition to RIFKIN's motion").  A review of the Opposition to Rifkin's Motion to Dismiss does not add to any of Plaintiffs' opposition arguments against Hills One's Motion to Dismiss.  If anything in

Plaintiffs' Opposition to the Rifkin Motion to Dismiss were remotely persuasive, Plaintiffs could and should have included it in their Opposition to Hills One's Motion to Dismiss.

This incorporation-by-reference tactic is also a sleight of hand, because by referring throughout their Opposition to Hills One's Motion to Dismiss to their Opposition to Rifkin's Motion to Dismiss, and vice-versa, Plaintiffs suggest that there are additional, relevant arguments in the other briefing that could be dispositive of the issues before the Court. But that is not so. For example, in opposition to Plaintiffs' arguments about group pleading, which is a main issue that Hills One has raised, Plaintiffs' Opposition to Hills One's Motion to Dismiss briefly responds and then refers to Section II.D in the Opposition to Rifkin's Motion to Dismiss. Section II.D first admits that it is "somewhat true" that "the fraud allegations are not specifically directed at each Defendant separately." (Opp. to Rifkin Motion to Dismiss, Dkt. #86, at 18:5). Plaintiffs then provide a couple specific allegations, but only for the Hills Group—not Hills One. Plaintiffs note that they "do allege that some activities were undertaken by the HILLS GROUP," which is a distinct and separate entity from Hills One, but that "for all the other fraudulent representations it is impossible for Plaintiffs to know which defendants exactly were behind them." (Opp. to Rifkin Motion to Dismiss, Dkt. #86, at 19:3-6). Plaintiffs provide mere speculation about Hills One's involvement, asking: "When the individuals met with Stein in his office in March 2018, were they there . . . [o]n behalf of their individual LLCs, which are the members of HILLS GROUP?" Plaintiffs conclude that "by design, it is impossible for Plaintiffs to know that now" but suggest that they may uncover additional information about Hills One's involvement. (Opp. to Rifkin Motion to Dismiss, Dkt. #86, at 19:6-12).

Yet in both Plaintiffs' Opposition to Hills One's Motion to Dismiss and their Opposition to Rifkin Motion to Dismiss, Plaintiffs cite to no allegations as to Hills

One.  That Plaintiffs have cited to allegations regarding Hills One in this timeframe is not surprising, because Hills One **_did not even exist_** as a legal entity when a number of the purported misrepresentations in Plaintiffs' Complaint were made, having only been formed in Delaware on or about March 29, 2018, as Plaintiffs admit.  In their Opposition to the Rifkin Motion to Dismiss, Plaintiffs admit to this, stating that "the misrepresentations made by Defendants before the Agreement was signed, and on which Plaintiffs' claims are based, all related to Defendant HILLS GROUP, and not Defendant HILLS ONE." (Opp. to Rifkin Motion to Dismiss, Dkt. #86, at 10:19-21.).

This group pleading strategy is inconsistent with pleading standards and insufficient to put Hills One on notice to be a defendant in a lawsuit.  *Drake v. Toyota Motor Corp.*, 2020 WL 7040125, at *6, *27 (C.D. Cal. Nov. 23, 2020) ("the who, what, when, where, and how of the misconduct charged" must be alleged instead of "merely lumping multiple defendants together"); *Zakikhani v. Hyundai Motor Co.*, 2021 U.S. Dist. LEXIS 202546, at *20 (C.D. Cal. June 28, 2021) (finding that a complaint's "generalized allegations" of fraud, lumping "all entities together as Defendants", was insufficient to satisfy Rule 9(b)).  With the sort of generalized group pleading that Plaintiffs utilizes, Hills One cannot adequately respond to the allegations in the Fourth Amended Complaint because it is unclear what Hills One supposedly did.  In a final attempt to save its Complaint against Hills One, Plaintiffs draw an analogy: "If Mr. Reyter had shouted false statements in the forest and Mr. Stein was not there to hear, that would not have made a claim.  But that is not what happened." (Opp. to Rifkin/Hills Group, Dkt. #86, at 8:6-12).

A more appropriate analogy given the multitude of entities involved here would be: "If Mr. Reyter had shouted false statements in the forest and Pacific Green LLC, Big Tree Holdings LLC, and Hills One LLC were not there – **_because they did not exist_** – then that would not make a claim for Pacific Green LLC and Big Tree

Holdings LLC as against Hills One LLC." In such a case, no claim could ever exist from Pacific Green LLC and/or Big Tree Holdings LLC against Hills One because entities that do not exist cannot make statements, receive statements, engage in negligence, engage in racketeering, or aid and abet tortious conduct.

### C. The Complaint Should Be Dismissed With Prejudice As To Hills One

Plaintiffs admit "It may be that the complaint requires further amendment, or even that some claims are not viable, but this case should not be dismissed." (Opp. to Fiore/Hills One, Dkt. #87, at 5:21-22; Opp. to Rifkin/Hills Group, Dkt. #86, at 5:21-22). Plaintiffs' cavalier attitude belies the real harm that they have already put Hills One through, and disregards pleading standards. Five bites at the apple is more than enough, and Plaintiffs have had ample opportunity to set forth their best positions. For Plaintiffs to admit that their *fifth* iteration of their Complaint "may" be defective and that even further amendment may be required is insufficient at this point. Plaintiffs have had repeated opportunities to set forth the necessary allegations to substantiate claims, and they have failed to do so. This Complaint should be dismissed with prejudice as to Hills One.

### III. CONCLUSION

For all the reasons set forth above and within Defendant's Motion, Defendant Hills One, LLC respectfully requests that this Court grant this Motion.

Dated: July 6, 2023

/s/ Timothy R. Laquer
Damian D. Capozzola
Timothy R. Laquer

The Law Offices of Damian D. Capozzola

Attorneys for Nominal Defendant Hills One, LLC

## CERTIFICATION OF COMPLIANCE

The undersigned, counsel of record for Hills One, LLC, certifies that this brief contains 2,243 words, which complies with the word limit of L.R. 11-6.1.

Dated: July 6, 2023

/s/ *Timothy R. Laquer*
Damian D. Capozzola
Timothy R. Laquer

The Law Offices of Damian D. Capozzola

Attorneys for Nominal Defendant Hills One, LLC

8
REPLY IN SUPPORT OF MOTION OF DEFENDANT HILLS ONE, LLC TO DISMISS FOURTH AMENDED COMPLAINT
- Case No.: 2-22-cv-08949