Avi Wagner (SBN #226688)
THE WAGNER FIRM
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:  (310) 491-7949
Facsimile:  (310) 694-3967
Email:      avi@thewagnerfirm.com

*Attorneys for Defendants Alex Reyter and*
*Tudor Capital, LLC*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

PACIFIC GREEN, LLC, a Delaware
limited liability company; and BIG
TREE HOLDINGS, LLC, a Delaware
limited liability company,
Plaintiffs,

v.

PAUL FIORE, an individual;
JAY RIFKIN, an individual;
ALEX REYTER, an individual;
ONE ELEVEN ADVISORS, LLC, a
California limited liability company;
REBEL HOLDINGS, LLC, a
California limited liability company;
TUDOR CAPITAL, LLC, a Delaware
limited liability company;
HILLS GROUP, LLC, a California
limited liability company;
and DOES 1 through 100, inclusive,
Defendants,
and, HILLS ONE, LLC, a Delaware
limited liability company;

Nominal Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2:22-cv-08949-SB-MAR
Removed to federal court on 12-09-22

**DEFENDANTS ALEX REYTER AND TUDOR CAPITAL, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT**

**Date: September 7, 2023**
**Time: 10:00 a.m.**
**Location:  Courtroom 6D**
**Judge: Hon. Fernando M. Olguin**

# **TABLE OF CONTENTS**

I.     INTRODUCTION ...................................................................................... 1

II.    STATEMENT OF RELEVANT FACT ....................................................... 3

       A.    February 2018: Stein's Discussions with Reyter ........................... 3

       B.    April to June 2018: Plaintiffs are Formed .................................... 3

       C.    July 2018:  Plaintiffs Disclaim Reliance on Statements Prior to Entering
             into the Agreement ...................................................................... 4

       D.    August 2018 Statement ................................................................ 5

       E.    Statements Made After Plaintiffs' Last Payment ......................... 5

       F.    Defendants Confer with Plaintiffs' Counsel ................................. 5

III.   STANDARD OF REVIEW ....................................................................... 6

IV.    ARGUMENT ........................................................................................... 7

       A.    The 4AC Alleges No Facts Against Tudor Sufficient to Sustain Any
             Cause of Action ........................................................................... 7

       B.    The 4AC Fails to Plausibly Allege Reliance on Any Misrepresentation . 7

             1.    The Agreement's Anti-Reliance Provision Bars Plaintiffs from
                   Pleading Reliance on Pre-Agreement Statements ..................... 8

             2.    Plaintiffs Have Failed to Allege Any Post-Agreement Statements
                   Upon Which They Could Have Reasonably Relied ..................... 9

       C.    The 4AC Fails to Sufficiently Allege a Plausible RICO Claim ............ 10

             1.    Ninth Circuit Precedent Bars Plaintiffs' Civil RICO Claim ........ 10

             2.    Plaintiffs Have Failed to Allege Injury Due to a Pattern of
                   Racketeering Activity ............................................................... 11

       D.    Plaintiff Has Failed to Allege Any Element of Conversion Against
             Reyter Defendants .................................................................... 12

NOTICE OF MOTION TO DISMISS FOURTH AMENDED COMPLAINT

E.    As Plaintiffs Have Pleaded No Tort, Its Claim For Aiding and Abetting Must Also Fail .......................................................................................... 13

V.    CONCLUSION ................................................................................................ 13

NOTICE OF MOTION TO DISMISS FOURTH AMENDED COMPLAINT

# **TABLE OF AUTHORITIES**

CASES

*ABRY Partners V, L.P. v. F & W Acquisition LLC,*
    891 A.2d 1032 (Del. Ch. 2006) .................................................................. 8

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ........................................................................... 6, 7

*Canales v. Fed. Home Loan Mortgage Corp.,*
    No. CV 11-2819 PSG, 2011 WL 3320478 (C.D. Cal. Aug. 1, 2011) .................... 13

*Glen Holly Entertainment, Inc. v. Tektronix, Inc.,*
    100 F.Supp.2d 1086 (C.D. Cal. 1999) ...................................................... 10

*Global Acquisitions Network v. Bank of Am. Corp.,*
    No. CV 12-08758 DDP (CWx), 2013 WL 604159 (C.D. Cal. Feb. 19, 2013) ........ 7

*Lancaster Community Hospital v. Antelope Valley Hospital District,*
    940 F.2d 397 (9th Cir. 1991) ................................................................. 6

*Lee v. Hanley,*
    61 Cal.4th 1225, (2015) ..................................................................... 13

*Living Designs, Inc. v. E.I. Dupont De Nemours and Co.,*
    431 F.3d 353 (9th Cir. 2005) ................................................................ 11

*Meinhold v. Sprint Spectrum, L.P.,*
    No. 2:07-cv-0456 FCD EFB, 2007 WL 2904003 (E.D. Cal. Oct. 2, 2007) ............ 10

*Odom v. Microsoft Corp.,*
    486 F.3d 541 (9th Cir. 2007) ................................................................ 12

*Prairie Capital III, L.P. v. Double E Holding Corp.,*
    132 A.3d 35 (Del. Ch. 2015) .................................................................. 9

*Richard B. LeVine, Inc. v. Higashi,*
    131 Cal.App. 4th 566 (2005) ................................................................ 13

*Schleicher v. Wendt*,
   No. 1:02-cv-1332-DFH-TAB (S.D. Ind. Nov. 18, 2005) ..........................................7

*Shulman v. Kaplan*,
   58 F.4th 404 (9th Cir. 2023) ..........................................................2, 10, 11

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001) ......................................................................6

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) ......................................................................3

*Telesaurus VPC, LLC v. Power*,
   623 F.3d 998 (9th Cir. 2010) ......................................................................6

*Tessema v. United Steel*,
   14 WL 4656226 (D. Nev., Sept. 17, 2014) ..................................................1

RULES

Fed. R. Civ. P. 9 ..........................................................................................6

Fed. R. Civ. P. 12(b)(6) ............................................................................6, 7

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on September 7, 2023, at 10:00 a.m., or as soon thereafter as the matter may be heard before United States District Judge Fernando Olguin in Courtroom 6D of the United States District Court, Central District of California, First Street Courthouse, 350 W. 1st Street, Los Angeles, California 90012, Defendants Alex Reyter and Tudor Capital, LLC ("Reyter Defendants") will and hereby do move for an order Court for an Order, pursuant to Federal Rules of Civil Procedure Rules 9(b) and 12(b)(6), dismissing the Plaintiffs' Pacific Green, LLC, and Big Tree Holdings, LLC Fourth Amended Complaint, and each claim therein, on the grounds that it fails to state any legally cognizable or plausible claim for relief, much less with the legally required particularity.

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the accompanying Declaration of Avi Wagner, the Motions to Dismiss with their accompanying documents (declarations and Request for Judicial Notice) previously filed by Defendants Paul Fiore, One Eleven Advisors, LLC (Docket Entries ("D.E.") 83, 83-1, 83-2) , Jay Rifkin, Rebel Holdings, LLC (D.E. 85), and Hills One, LLC (D.E. 84), the Motion for Rule 11 Sanctions filed by Jay Rifkin (D.E. 93), the other the files and records in this action, and such argument as may be heard by the Court.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place (1) by videoconference on June 7, 2023 with counsel representing all parties attending and (2) by teleconference on July 13, 2023 at 2:00 p.m. between counsel for Reyter Defendants and Plaintiffs.  Declaration of Avi Wagner, ¶¶ 4, 6. Preceding the conference, Reyter Defendants sent an email describing the problems and issues with the 4AC.  *Id*. at Ex. A.

DATED: August 3, 2023                    THE WAGNER FIRM

By:*/s/ Avi Wagner*
Avi Wagner
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:   (310) 491-7949
Facsimile:    (310) 694-3967
Email:        avi@thewagnerfirm.com

*Attorneys for Defendants Alex Reyter and Tudor Capital, LLC*

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

Plaintiffs Pacific Green, LLC and Big Tree Holdings, LLC's ("Plaintiffs") Fourth Amended Complaint ("4AC"), their fifth attempt at pleading causes of action arising from their investment in Hills One, LLC, fares no better than the first four. Defendants Alex Reyter and Tudor Capital, LLC ("Tudor", and with Reyter, "Reyter Defendants") are named for the first time in the 4AC, but Plaintiffs' allegations against them suffer from the same deficiencies as prior complaints.[1]

First, the 4AC contains no particularized allegations of conduct by Tudor, thus failing to state any cause of action against it.

Next, Plaintiffs fail to satisfy Rule 9's heightened pleading standard for its causes of action that sound in fraud (one through four). Most of the allegations fail to identify how any defendant participated in purportedly fraudulent conduct. Plaintiffs also fail to plausibly allege reliance on any alleged misstatements, most of which were made prior to Plaintiffs entering the Hills One LLC Operating Agreement ("Agreement", attached to 4AC as Exhibit A), because Plaintiffs specifically disclaimed reliance on

---

[1] This brief will focus on allegations made against Reyter Defendants in particular. As to allegations that group Reyter Defendants with Rifkin and Fiore as "Principals", Reyter Defendants incorporate the arguments in the motions to dismiss filed by Defendants Fiore, One Eleven Advisors, LLC, Rifkin, Rebel Holdings, LLC, and Hills One. Docket Entries ("D.E.") 83, 84, 85. *See Tessema v. United Steel*, 14 WL 4656226, at *3, n.1 (D. Nev., Sept. 17, 2014) (noting that incorporation of another party's argument is appropriate where it saves the court from having to read the same arguments and authorities multiple times).

any such statements by assenting to the Agreement's anti-reliance provision.  Plaintiffs similarly fail to plausibly allege reliance on statements made *after* entering the Agreement.  The 4AC specifically identifies three such statements: (1) a statement that orders had been made and delivered, and (2) two statements about the anticipated future income and profitability of Hills One.  None are actionable.  Statement (1) is currently the subject of a Rule 11 Motion filed on July 23.  D.E. 93.  The statements in (2) are statements of opinion that were made *after* Plaintiffs had completed their payments to Hills One.  Plaintiffs thus cannot have relied on them when investing in Hills One.

Next, the 4AC's RICO claim suffers from many deficiencies. Under *Shulman v. Kaplan*, 58 F.4th 404 (9th Cir. 2023), Plaintiffs lack standing to pursue a RICO claim for injury to their investment in a cannabis business.  Plaintiffs also fail to sufficiently allege any predicate act, let alone a pattern of them, which caused its injury.  Plaintiffs' allegations of pattern and injury are similarly speculative. Finally, their claims of mail and wire fraud as predicate acts suffers from the same deficiencies as their other allegations of fraud.

The 4AC's conversion claim also fails, as it does not and cannot allege that Reyter Defendants ever obtained possession of the funds it paid to Hills One.

Having failed to sufficiently allege any underlying tort, the 4AC's claim for aiding and abetting a tort must similarly be dismissed.

## II.    STATEMENT OF RELEVANT FACT[2]

### A.    February 2018: Stein's Discussions with Reyter

The 4AC alleges that in January and February 2018, prior to the formation of either Plaintiff, Reyter spoke to Jacob Stein about Hills Group and a plan to develop a business in the cannabis/CBD industry.  4AC, ¶ 24.  Reyter supposedly stated that Hills Group was "well positioned" to be an industry leader based on the connections and experience of the Principals, who would manage it.  *Id.* at ¶ 27.  The 4AC also selectively quotes an e-mail from Reyter stating that Hills Group was "in the process" of deploying funds, and had a "robust investor base."  *Id.* at ¶ 28.

### B.    April to June 2018: Plaintiffs are Formed

Plaintiff Pacific Green was incorporated on April 3, 2018, and Plaintiff Big Tree Holdings was incorporated on June 13, 2018. *See* D.E. 83-2, ¶¶ 1, 3.

In April 2018 Stein allegedly sought assurance that the Principals would work on the project full time and not engage in other projects.  4AC at ¶ 71.  Reyter allegedly agreed, subject to carveouts for pre-existing obligations.  *Id.*

---

[2] The 4AC includes only generalized allegations, that do not identify Reyter's alleged role.  *See* 4AC ¶¶ 34-38 (alleging February 2018 creation of Hemp and Cannabis Investment Opportunities Fund); 48-52 (describing March 2018 investment deck); 57 (describing April 2018 Hills Group LLC Company Valuation Summary); 66-68 (describing Draft Investment Term Sheet).  These allegations do not identify who supposedly committed what act, and so cannot be the basis for any cause of action sounding in fraud.  *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007).  Thus, the Court should only concern itself with specific allegations of conduct by Reyter Defendants.

**C.    July 2018:   Plaintiffs Disclaim Reliance on Statements Prior to Entering into the Agreement**

On July 16, 2018, Plaintiffs entered into the Agreement with Hills Group.  In entering into the Agreement, Plaintiffs represented that their determination

> to acquire Units has been made by such Member independent of any other Member and independent of any statements or opinions as to the advisability of such purchase or as to the business, operations, assets, liabilities, results of operations, financial condition and prospects of the Company that may have been made or given by any other Member or by any agent or employee of any other Member.

*See* Ex. A to 4AC, Agreement § 4.02(e).

The Plaintiffs likewise agreed that the Agreement superseded "all prior and contemporaneous understandings, agreements, representations, and warranties" with respect to the investment.  *Id*. at § 15.06.  The Agreement requires the Manager to devote as much time as "reasonably necessary" to Hills One, but does not require a full-time commitment, and does not otherwise incorporate any of the previous e-mails or other documents alleged by Plaintiffs.  *Id*. at § 8.06.  Pursuant to the Agreement, Plaintiffs collectively paid $1 million to Hills One on July 19, 2018.  *Id*. at Schedule A; 4AC, ¶ 127.

### D.     August 2018 Statement

The 4AC next alleges that on August 27, 2018, Reyter sent an e-mail containing the false statement that "A number of orders were placed and delivered to various destinations (e.g. CA, NY, Chicago, N. Carolina, etc.)".  4AC, ¶ 113.  This statement is currently the subject of a Rule 11 Motion (*see* D.E. 93, pp. 4-5), which contends that the statement was true and Plaintiffs knew that it was true when filing the 4AC.

### E.     Statements Made After Plaintiffs' Last Payment

Between September 2018 and January 2019, Pacific Green invested an additional $3.7 million.  4AC, ¶¶ 128-130. The 4AC does not allege any specific fraudulent conduct by Reyter before the last payment was made.  It does allege that in May 2019 Reyter represented that "the business would be generating revenue within months" and that in November 2019 Reyter sent an email containing the purportedly false statement that "a harvest had been completed and cash flow was imminent." *Id.* at ¶¶ 117, 118.  The latter statement is subject to the pending Rule 11 Motion, as the e-mail did not state that cashflow was imminent, and was not sent by Reyter, but Fiore. D.E. 93, pp. 4-5.

### F.     Defendants Confer with Plaintiffs' Counsel

Plaintiffs filed suit in December 2022, but did not name Reyter Defendants until filing the 4AC on May 24, 2023.  On June 7, 2023, counsel for all Defendants conferred with Plaintiffs' counsel on the deficiencies in the 4AC.  Wagner Decl., ¶ 4.  Following waiver of service on the Reyter Defendants, they e-mailed Plaintiffs' counsel further

describing the 4AC's defects, and counsel further conferred telephonically on July 13, 2023.  *Id*. at ¶¶ 5-6, Ex. A.

## III.   STANDARD OF REVIEW

A court should dismiss a complaint when its allegations fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  The complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677 (2009).  A court should not accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Fraud claims must meet Rule 9(b)'s heightened pleading standard, which requires a plaintiff to plead with particularity the time and place of the fraud, the statements made and by whom made, an explanation of why or how such statements were false or misleading when made, and the role of each defendant in the alleged fraud. *See Lancaster Community Hospital v. Antelope Valley Hospital District*, 940 F.2d 397, 405 (9th Cir. 1991).

If the Court dismisses a complaint, it may grant leave to amend. However, "[a] district court may deny a plaintiff leave to amend if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).

# IV.   ARGUMENT

## A.   The 4AC Alleges No Facts Against Tudor Sufficient to Sustain Any Cause of Action

To withstand a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter accepted as true, to state a claim for relief which is plausible on its face. *Iqbal*, *supra* 556 U.S. at 678.  Here, the 4AC contains no particularized allegations about Tudor.  Plaintiffs ask the Court to accept their allegation that they may later discover facts sufficient to state a claim.  4AC, ¶¶ 12, 13.  This is insufficient under Rule 8, and even more so under Rule 9's heightened pleading standard.  *Cf. Schleicher v. Wendt*, No. 1:02-cv-1332-DFH-TAB (S.D. Ind. Nov. 18, 2005) *5-*6 (denying discovery for the purpose of finding facts sufficient to support a claim).  The Court should dismiss Tudor.

## B.   The 4AC Fails to Plausibly Allege Reliance on Any Misrepresentation

Plaintiffs' causes of action for fraud and deceit; negligent misrepresentation; and fraudulent inducement all sound in fraud, and thus reliance is a necessary element of each claim.  *Global Acquisitions Network v. Bank of Am. Corp.*, No. CV 12-08758 DDP (CWx), 2013 WL 604159 (C.D. Cal. Feb. 19, 2013) at *15-*16 (identifying reliance as a necessary element of all three causes of action). The 4AC does not plausibly allege reasonable reliance on any statement by Reyter.

### 1.    The Agreement's Anti-Reliance Provision Bars Plaintiffs from Pleading Reliance on Pre-Agreement Statements

Plaintiffs cannot plead reliance based on statements made prior to entering the Agreement on July 16, 2018.[3]  Plaintiffs expressly disclaimed reliance on any "as to the business, operations, assets, liabilities, results of operations, financial condition and prospects of the Company that may have been made or given by any other Member or by any agent or employee of any other Member."  Agreement, § 14.02.  The Agreement is governed by Delaware law, under which such anti-reliance provisions are enforceable.  *See, e.g.*, *ABRY Partners V, L.P. v. F & W Acquisition LLC,* 891 A.2d 1032, 1050, 1057-58 (Del. Ch. 2006) ("a party cannot promise, in a clear integration clause of a negotiated agreement, that it will not rely on promises and representations outside of the agreement and then shirk its own bargain in favor of a 'but we did rely on those other representations' fraudulent inducement claim.")

Plaintiffs now maintain that they relied on misrepresentations about Hills *Group*, and the Agreement only disclaims statements about Hills One. Not so. The 4AC repeatedly blurs the lines between the two entities (*see* D.E. 90, pp. 6-8), making it implausible that Plaintiffs did not understand that the Hills Group would comprise part of the business and prospects of Hills One.  Thus, Plaintiffs' disclaimer of reliance

---

[3] In addition, Plaintiffs cannot allege that statements made prior to their formation were misrepresentation made to them.  Pacific Green was formed on April 3, 2018 and Big Tree Holdings on June 13, 2018; they cannot allege that any statements made prior to those dates were directed at Plaintiffs.  *See* D.E. 85, pp. 6-7; D.E. 89.

8

upon any statements by Hills Group or its agents about Hills One's "business, operations, assets, liabilities, results of operations, financial condition and prospects" also operated as a disclaimer of reliance on purported misrepresentations about the Hills Group. *Prairie Capital III, L.P. v. Double E Holding Corp.*, 132 A.3d 35, 49-51 (Del. Ch. 2015).

## 2. Plaintiffs Have Failed to Allege Any Post-Agreement Statements Upon Which They Could Have Reasonably Relied

The 4AC alleges only one misrepresentation that supposedly occurred after they signed the Agreement, but before the last payment to Hills One. It alleges that, in an August 2018 email to Stein, Reyter represented that: "A number of orders were placed and delivered to various destinations (e.g. CA, NY, Chicago, N.Carolina, etc.)". 4AC, ¶ 113. The first issue here is that it is implausible that Stein, as the managing partner of a law firm who advertises himself as a specialist in asset protection and business transactions, would rely on a single non-specific e-mail to invest $3.7 million in funds over which he had a fiduciary duty. *See* D.E. 83-2, Ex. 5. The second issue, described in the pending Rule 11 motion, is that this was not a misrepresentation and Plaintiffs knew that when filing the 4AC. *See* D.E. 93, p. 4.

Finally, the 4AC alleges that Reyter made two misrepresentations after Plaintiffs were fully invested in Hills One: (1) in May 2019 Reyter stated by phone that "the business would be generating revenue within months; and (2) on November 5, 2019

Reyter sent an email stating that "a harvest had been completed and that cash flow was imminent."  4AC, ¶¶ 117, 118.  These statements are not actionable.

First, Plaintiffs did not rely upon them when investing, as they occurred months after the last payment.  *Meinhold v. Sprint Spectrum, L.P.*, No. 2:07-cv-0456 FCD EFB, 2007 WL 2904003 (E.D. Cal. Oct. 2, 2007), *7.  Second, these are primarily opinions as to future events, as they reference what Reyter expected to occur either "imminently" without clarifying the timeframe or "within months".  Actionable fraud statements must be affirmations of *existing* fact; Reyter's speculative opinions about the future are not actionable. *Glen Holly Entertainment, Inc. v. Tektronix, Inc.*, 100 F.Supp.2d 1086, 1093 (C.D. Cal. 1999).  Finally, (2) is the subject of the pending Rule 11 Motion, which posits that a harvest *had* been completed, no statements were made about cashflow, and that Reyter did not send this e-mail.  D.E. 93, pp. 4-5.  Plaintiffs have failed to sufficiently allege any misrepresentation made to them which they could have reasonably relied upon in investing in Hills One.  The first, second, third, and fourth, causes of action must be dismissed against Reyter Defendants.

## C.     The 4AC Fails to Sufficiently Allege a Plausible RICO Claim

### 1.     Ninth Circuit Precedent Bars Plaintiffs' Civil RICO Claim

Plaintiffs' RICO claim suffers from additional deficiencies.  In *Shulman v. Kaplan*, 58 F.4th 404 (9th Cir. 2023) the Ninth Circuit held that a plaintiff asserting a claim for "cannabis-related commerce" under RICO lacks statutory standing to sustain the claim.  *Id.* at 411.  Plaintiffs have pleaded numerous instances of Defendants

making statements about their experience and plans for a cannabis business, which Plaintiffs purportedly relied upon in making the investments.  4AC ¶¶ 19, 24, 27, 34, 52.  Even the Agreement contemplates that cannabis will be part of the business. Agreement, § 5.09 (granting Hills One a right of first refusal on any Investment Opportunity offered to Hills Group in a cannabis business).  The business here is indistinguishable from that in *Shulman*; Plaintiffs do not have standing to bring a RICO claim for losses to their cannabis business.  *See* D.E. 83, pp. 19-22 [describing in greater detail the evidence demonstrating that Plaintiffs are seeking recovery under RICO for damages to a cannabis business]; D.E. 85 pp. 15-17 [same].

### 2. Plaintiffs Have Failed to Allege Injury Due to a Pattern of Racketeering Activity

"The elements of a civil RICO claim are as follows: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as `predicate acts') (5) causing injury to plaintiff's `business or property." *Living Designs, Inc. v. E.I. Dupont De Nemours and Co*., 431 F.3d 353, 361 (9th Cir. 2005). Here, Plaintiffs have alleged that the Principals "transmitted a series of publications and communications to potential investors including Plaintiffs' manager, Jacob Stein, via email" as a predicate act.  4AC, ¶ 168.  They have failed to plausibly allege elements (3) to (5).

To allege a "pattern", a plaintiff must allege that the predicate acts constitute or create a risk of continued criminal activity. The 4AC's supporting allegations: that Hills One still exists as an entity, and that its Principals are currently involved in other

businesses (4AC ¶¶ 180-183), are not sufficient to plausibly allege that Reyter Defendants' purported misrepresentations constitute recurring criminal conduct, or a risk of such conduct in the future.  *See* D.E. 83, pp. 23-24, D.E. 85, pp. 19-22.

Plaintiffs have also failed to sufficiently allege any predicate act.  They allege that Reyter Defendants committed wire and/or mail fraud as predicate acts (4AC, ¶ 177), but like all fraud claims, these must be pleaded with particularity.  *Odom v. Microsoft Corp.*, 486 F.3d 541, 554 (9th Cir. 2007).  For the reasons described above in fn. 1 and Section IV.B, Plaintiffs have failed to plausibly allege any fraudulent conduct with particularity.

Plaintiffs have also failed to allege that any predicate act caused its injury.  The 4AC contains only conclusory allegations of causation (4AC, ¶ 185) that fail to allege an actual or proximate link between any actionable misrepresentation and Plaintiffs' claimed injury.  *See* D.E. 83, pp. 22-23, D.E. 85, pp. 18-19.

Plaintiffs may not pursue a RICO claim for injury to their investment in a cannabis business, but even if they could, they have failed to allege that a pattern of predicate acts caused their purported injury; the Court should dismiss the claim.

## D.  Plaintiff Has Failed to Allege Any Element of Conversion Against Reyter Defendants

"Conversion is the wrongful exercise of dominion over the property of another. The elements of conversion are: (1) the plaintiff's ownership or right to possession of

the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Lee v. Hanley*, 61 Cal.4th 1225, 1240, (2015).

Here, the 4AC does not plead that Reyter Defendants have exerted control over any money belonging to Plaintiffs. It contains no specific allegations about Reyter at all. 4AC, ¶¶ 140-148. Moreover, the 4AC does not plead that any Defendant received funds from Plaintiffs, but rather that Hills One, or "the enterprise" acquired ownership of the funds. *Id*. at ¶¶ 126-130; Agreement, Schedule A (indicating that each Plaintiff would contribute $500,000 to Hills One). Neither Hills Group nor any of the Principals has any right or title to the property held by it. Agreement, § 4.11. Thus, Plaintiffs have not, and cannot allege a conversion cause of action against Reyter Defendants for sums paid to Hills One. *See also* D.E. 83, pp. 12-13.

**E.    As Plaintiffs Have Pleaded No Tort, Its Claim for Aiding and Abetting Must Also Fail**

The tort of aiding and abetting requires sufficiently pleading the commission of a tort. *Richard B. LeVine, Inc. v. Higashi*, 131 Cal.App. 4th 566, 574 (2005). The 4AC does not sufficiently allege any tort claim, and so cannot plead a related claim for aiding and abetting. *Canales v. Fed. Home Loan Mortgage Corp*., No. CV 11-2819 PSG, 2011 WL 3320478 at * 13 (C.D. Cal. Aug. 1, 2011)

## V.    CONCLUSION

For the foregoing reasons, the Court should grant Reyter Defendants' Motion and dismiss the 4AC with prejudice.

DATED: August 3, 2023

THE WAGNER FIRM

By:*/s/ Avi Wagner*
Avi Wagner
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:   (310) 491-7949
Facsimile:   (310) 694-3967
Email:        avi@thewagnerfirm.com

*Attorneys for Defendants Alex Reyter and*
*Tudor Capital, LLC*

## **L.R. 11-6.2 CERTIFICATION OF COMPLIANCE**

The undersigned, counsel of record for Defendants Alex Reyter and Tudor Capital, LLC, certifies that this Memorandum of Points and Authorities contains 3,242 words, which complies with the word limit of Local Rule of the Central District 11-6.1.

DATED: August 3, 2023                    THE WAGNER FIRM

By: */s/ Avi Wagner*
Avi Wagner
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:   (310) 491-7949
Facsimile:    (310) 694-3967
Email:         avi@thewagnerfirm.com

*Attorneys for Defendants Alex Reyter and Tudor Capital, LLC*

# PROOF OF SERVICE

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On August 3, 2023

I served true and correct copies of the foregoing documents,

- **DEFENDANTS ALEX REYTER AND TUDOR CAPITAL, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT;**

- **DECLARATION OF AVI WAGNER IN SUPPORT OF DEFENDANTS ALEX REYTER AND TUDOR CAPITAL, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT; and**

- **[PROPOSED] ORDER GRANTING DEFENDANTS ALEX REYTER AND TUDOR CAPITAL, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT**

By posting the document electronically to the ECF website of the United States District

Court for the Central District of California, for receipt electronically by the parties

listed on the Court's Service List, as listed below.

Daniel A Crawford
*dac@crawfordlawgroup.com*
Roza Crawford
*rc@crawfordlawgroup.com*
Crawford Weinstein LLP
15303 Ventura Boulevard Ninth Floor
Sherman Oaks, CA 91403
***Attorneys for Big Tree Holdings, LLC and Pacific Green, LLC***

Andrew K. Alper
*aalper@frandzel.com*
Frandzel Robins Bloom & Csato, L.C.

1000 Wilshire Boulevard, 19th Floor
Los Angeles, California 90017
***Attorneys for Defendants Paul Fiore and One Eleven Advisors, LLC***

Damian D. Capozzola
*ddc@ddclaw.com*
Timothy Roy Laquer
*trl@ddclaw.com*
Law Offices of Damian D Capozzola
633 West Fifth Street 26th Floor
Los Angeles, CA 90071
***Attorneys for Defendants Hills Group, LLC and Hills One, LLC***

Mark T. Cramer
mcramer@buchalter.com
Gabriel G. Green
ggreen@buchalter.com
Buchalter Nemer APC
1000 Wilshire Boulevard Suite 1500
Los Angeles, CA 90017
***Attorney for Hills Group, LLC***

David E. Azar
david@azarlawgroup.com
Azar Law Group, APC
2355 Westwood Blvd. #311
Los Angeles, CA 90064
***Attorneys for Rebel Holdings, LLC; Jay Rifkin***


I affirm under penalty of perjury under the laws of the United States of America that

the foregoing is true and correct.

Executed on August 3, 2023, at Los Angeles, California.

*/s/ Charissa Morningstar*
Charissa Morningstar