Avi Wagner (SBN #226688)
THE WAGNER FIRM
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:  (310) 491-7949
Facsimile:  (310) 694-3967
Email:       avi@thewagnerfirm.com

*Attorneys for Defendants Alex Reyter and*
*Tudor Capital, LLC*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

PACIFIC GREEN, LLC, a Delaware
limited liability company; and BIG
TREE HOLDINGS, LLC, a Delaware
limited liability company,
Plaintiffs,

v.

PAUL FIORE, an individual;
JAY RIFKIN, an individual;
ALEX REYTER, an individual;
ONE ELEVEN ADVISORS, LLC, a
California limited liability company;
REBEL HOLDINGS, LLC, a
California limited liability company;
TUDOR CAPITAL, LLC, a Delaware
limited liability company;
HILLS GROUP, LLC, a California
limited liability company;
and DOES 1 through 100, inclusive,
Defendants,
and, HILLS ONE, LLC, a Delaware
limited liability company;

Nominal Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2:22-cv-08949-SB-MAR
Removed to federal court on 12-09-22

**DECLARATION OF AVI WAGNER IN SUPPORT OF DEFENDANTS ALEX REYTER AND TUDOR CAPITAL, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT**

**Date: September 7, 2023**
**Time: 10:00 a.m.**
**Location:  Courtroom 6D**
**Judge: Hon. Fernando M. Olguin**

0

I, Avi Wagner, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.      I am the principal of The Wagner Firm, counsel for defendants Alex Reyter and Tudor Capital, LLC ("Reyter Defendants") in this matter.  I have personal knowledge of the matters set forth herein and if called to testify could and would truthfully testify to the following.

2.      I submit this declaration in support of Reyter Defendants' Motion to Dismiss Plaintiffs' Fourth Amended Complaint.  I have personal knowledge of the facts below and if called to testify could and would testify truthfully to the following facts.

3.      I agreed to waive service of the Fourth Amended Complaint ("4AC") on behalf of Reyter Defendants on June 6, 2023, and returned the waiver on June 14, 2023.

4.      On June 7, 2023, I joined a call wherein counsel for all defendants in this action conferred via videoconference with Plaintiffs' counsel on the 4AC's deficiencies.

5.      On July 10, 2023 I sent Plaintiffs' counsel an e-mail further describing the 4AC's deficiencies and requesting to confer.  Attached hereto as Exhibit A is a true and correct copy of that correspondence.

6.      On July 13, 2023, Plaintiffs' counsel and I further conferred telephonically regarding the 4AC.

I declare under penalty of perjury, under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on August 3, 2023          */s/ Avi Wagner*
                                     Avi Wagner

# Exhibit A

 **Gmail**

**Charissa Morningstar <charissa.morningstar@gmail.com>**

---

## Reyter Defendants' Request to Meet and Confer re: MTD 4AC

**Avi Wagner** <avi@thewagnerfirm.com>                                    Mon, Jul 10, 2023 at 12:06 PM
To: Daniel Crawford <dac@crawfordlawgroup.com>, Roza Crawford <rc@crawfordlawgroup.com>
Cc: Andrew Alper <aalper@frandzel.com>, David Azar <david@azarlawgroup.com>, Charissa Morningstar <charissa.morningstar@gmail.com>, Tim Laquer <trl@ddclaw.com>, Damian Capozzola <ddc@ddclaw.com>

Dear Daniel and Roza:

By this email, Defendants Alex Reyter and Tudor Capital, LLC ("Reyter Parties") request to meet and confer with you, in accordance with Central District of California Local Rule ("L.R.") 7-3, in advance of our filing a Motion to Dismiss Pacific Green, LLC and Big Tree Holdings, LLC's ("Plaintiffs'") Fourth Amended Complaint ("4AC"). The 4AC's deficiencies with respect to the Reyter Parties are largely the same as the issues raised by Defendants Paul Fiore, One Eleven Advisors, LLC ("Fiore Parties"), Jay Rifkin, Rebel Holdings, LLC ("Rifkin Parties") and Hills One, LLC in their pending Motions to Dismiss (Docket Entry ("D.E.") 83, 15, and 84, respectively).

First, the 4AC fails to make any allegations against Tudor Capital, LLC, and so it should be dismissed from the action.

Next, 4AC fails to sufficiently allege any of the fraud-based causes of action (including the first through fourth and eighth) with the requisite particularity as against Reyter. See D.E. 83, pp. 13-19, D.E. 85, pp. 6-15. The 4AC relies primarily on alleged misrepresentations made prior to Plaintiffs entering the Hills One LLC Agreement ("Agreement") on July 16, 2018. But the Agreement contains an enforceable anti-reliance provision by which Plaintiffs represented that they satisfactorily investigated all facts related to investing in Hills One before entering the Agreement and entered the Agreement "independent of any statements…by any other Member". Id. at § 4.02 (e). See Agreement §§ 4.02(b), (d), (e), (f) & (g), 15.12(a). Plaintiffs thus have not and cannot plausibly alleged reliance on any supposedly fraudulent statements that pre-date the Agreement. Plaintiffs' argument that the Agreement relates only to Hills One, and it has alleged misrepresentations about Hills Group, LLC (see D.E. 86, pp. 10-12) are unavailing and misconstrued the scope of the anti-reliance provision. In addition, the 4AC itself repeatedly blurs any distinction between Hills One and Hills Group by pleading that there was only one enterprise. 4AC ¶¶ 15, 23, 126-30, 175. The 4AC's allegations that post-date the Agreement are likewise insufficient, as they either lack the required specificity (4AC ¶ 114, 120-121) and/or occurred after Plaintiffs had completed their investments. Id. at ¶ 117, 118.

Plaintiffs' RICO claim also fails for multiple reasons. See D.E. 85, pp. 15-23; D.E. 83, pp. 19-17. First, pursuant to Shulman v. Kaplan, 58 F.4th 404, 406 (9th Cir. 2023), Plaintiffs lack standing to bring a civil RICO claim for harms to their cannabis business. Next, as described above, Plaintiffs have failed to allege with particularity any fraudulent predicate act. Nor have they sufficiently alleged an actionable pattern, enterprise, and/or actual or proximate causation. Plaintiffs' conversion claim also fails against Reyter, as generalized claims for money are not actionable conversion claims. D.E., pp. 12-13. Further, this cause of action contains no factual allegations of conversion by Reyter. 4AC, ¶¶ 140-148.

Please suggest three times within 10 days of the date of this email when you are available to meet and confer in an attempt to informally resolve these issues.

Avi Wagner

--
Avi Wagner

THE WAGNER FIRM

1925 Century Park East, Suite 2100

Los Angeles, CA 90067

avi@thewagnerfirm.com

310.491.7949 x1